Bronson, Ch. J.
 

 This is an old s.uit, and most of the objections which have been taken to the proceedings of the appellants, spring out of the repeated changes which have recently been made in the laws which govern the procedure in civil actions. In addition to the old practice, which was in force when the suit was commenced, we had two new judiciary acts in 1847; a new code in
 
 1848;
 
 and another in 1849. These changes, with the defects which are usually found in all new inventions, have made it very difficult for parties to find their way to the end of a lawsuit: and unless a pretty large license is taken with codes, and the court rules which the codes have rendered necessary, there will sometimes be a failure of justice.
 

 
 *567
 
 1. The suit was pending in the court of chancery on the first Monday of July, 1847, when, by force of the constitution,
 
 (Art.
 
 14, § 5,) jurisdiction of the suit became vested in the supreme court; and in September last, a decree was made by that court dismissing the bill for want of equity. From that decree an appeal has been taken to this court. An appeal lies from a judgment or decree in action “ commenced” in. the supreme court, “ or brought there from another court.”
 
 (Code,
 
 § 11, 333,
 
 and Supp. Code,
 
 § 2,
 
 sub.
 
 3.) It is said, that the words “ brought there from another court,” can only mean such suits as are brought into the supreme court by appeal or writ of error ; and consequently that there can be no appeal in those cases where jurisdiction vested in that court b) force of the constitution. But it can hardly be supposed that the codifiers intended to cut off appeals in that large class of cases; and we think the eleventh section of the code may be so construed as to include them. As jurisdiction in suits which were before pending in other courts became vested in the supreme court on the specified day ; and as the code says nothing about the manner in which the transfer was made, it will not be doing any great violence to language, to consider those suits as having been “brought” into the supreme court from another court. We think this a case where there may be an appeal. . •
 

 2. Under the last code, the return of the clerk to an appeal is to be a certified copy of the notice of appeal, and of the judgment roll; (§ 328,) and our rule follows the code.
 
 (Rule
 
 1.) This will answer the appellant’s purpose when he wishes to review a judgment in a suit commenced under the code ; for the judgment roll will, in most cases, contain all the materials for a review. ■ But in equity suits commenced before the new practice was adopted, the return will contain neither the pleadings nor proofs. We must of necessity, therefore, go back to the old practice in such cases, or else deny a review to the party feeling aggrieved. The return filed in this case contains copies of the notice of appeal, and of the decree. That is all the appellants could get. Under the former practice the pleadings and proofs constituted no part of the return ;
 
 (7th Rule of
 
 1847 ;) but the pleadings and proofs, with certain other papers, were to be con
 
 *568
 
 tained in the case which was made and printed for the use of the court and counsel.
 
 (10th Rule of
 
 1847.) The appellants have of necessity followed the old
 
 practice;
 
 and as it is not suggested that the case which they have printed and served omits any paper which ought to be before the court, or includes any thing which should not be considered, we think the appeal should not be dismissed, either on the ground of a defective return, or an imperfect case.
 

 3. It is also objected that the decree appealed from has not been enrolled; and we are referred to several sections of the code, (11, 333, 281, 328,) in connection with the second section of the supplemental code. If the parties must follow the letter of the new system, this may, perhaps, be a fatal objection. But as we fyave already seen, this, being an old suit, must of necessity be governed, in a great degree, by the former practice; and under that practice there might be a review without an enrolment jf the decree. The objection is overruled.
 

 And here it may be proper to say, that in all cases where the suit was commenced before the code, and determined afterwards, the parties must govern themselves on appeal, as far as may be practicable, by the new machinerybut where that will not answer the purpose, th'e parties are at liberty to resort to the former practice, unless that course has been plainly forbidden by the legislature.
 

 4. The clerk’s return entire, including his certificate or verification that the papers returned are copies of the originals, should have been printed. But as nothing has been omitted but the word “ copy.” and the name of the clerk, we will allow the cases to be amended.
 

 Motion denied.